IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Kelly Pinn,**<br><br>                    **Plaintiff,**<br><br>v.<br><br> **Better Tax Relief, LLC**<br><br>                    **Defendant.** | Case No. 4:24-cv-00488-P |

JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures;

A telephone conference between counsel for Plaintiff Andrew Perrong and Jesse Buttery was held on August 27, 2024 discussing the issues presented in this Joint Discovery/Case Management Plan.

Counsel for the Plaintiff is Andrew Perrong, whose contact information is as follows:

Andrew Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

Counsel for Defendant Better Tax Relief, LLC is Jesse Buttery, whose contact information is as follows:

Jesse Buttery
Silberman Law Firm, PLLC
Texas Bar No. 24025275
Email:  jbuttery@silblawfirm.com
5050 Quorum Dr. Ste. 700
Dallas, TX 75254

Tel. (214) 307-2840
Fax. (469) 283-1787

(2) A brief statement of the claims and defenses;

Plaintiff brings suit under the TCPA alleging that she was contacted without her permission after being listed on the Do Not Call list and with pre-recorded calls. Plaintiff alleges that she is a member of a class and seeks to have the matter brought as a class action suit. Additionally, Plaintiff alleges that violations of Texas Business and Commerce Code §302.101 occurred. The Plaintiff is seeking to represent the following putative classes:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers, specialized mobile radio numbers, radio common carrier numbers, or numbers for which they were charged for the call (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial.
>
> **Texas Business and Commerce Code Class**: All persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as a telephone solicitor with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

The allegations in the Plaintiff's complaint are incorporated herein by reference.

Defendant Better Tax Relief, LLC denies all claims by the Plaintiff as she authorized contact pursuant to the terms of service for use of services offered by Better Tax Relief, LLC. Defendant denies all claims regarding the putative class of the Plaintiffs, or that the claims are within the putative class. Defendant also states that the claims made by the Plaintiff are subject to arbitration as addressed in the Terms of Use and Privacy Policy agreed to by the Plaintiff for her use of the goods and services provided by the Defendant. Defendant incorporates all defenses and denials made pursuant to its Original Answer, incorporated herein by reference.

(3) A proposed time limit to amend pleadings and join parties;

Additional third parties shall be added by December 16, 2024, unless otherwise agreed by the parties or court order. Amendments to pleadings shall be made by December 16, 2024, unless otherwise agreed by the parties or court order.

(4) A proposed time limit for dispositive motions (e.g., summary judgment);

Dispositive motions shall be filed no later than thirty days before trial, unless otherwise agreed by the parties or court order.

(5) A proposed time limit for initial designation of experts and responsive designation of experts;

Plaintiff shall designate its experts by February 24, 2025.

Defendant shall designate its experts 30 days after February 24, 2025, being March 26, 2025.

(6) A proposed time limit for objections to experts (e.g., Daubert and similar motions);

30 days before trial.

(7) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases;

At this time, it is not expected that discovery will need to be conducted in phases. The parties will confer regarding any disagreements regarding the conduct of discovery prior to seeking relief from the court, if necessary. Plaintiff states that discovery will be needed on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

Defendant states that discovery will cover the agreement signed by the Plaintiff for her use of the goods and services provided by the Defendant, including her agreement to the Terms of Use and Privacy Policy, which contain an agreement to arbitrate, and no class action. Further, discovery will be needed regarding each and every claim made by the Plaintiff, her previous actions, if any, personal history and planned use of the service. Additional discovery will be needed regarding her agreement to use the services of the Defendant, and her agreement to be contacted by phone, SMS, and other electronic contact as stated in the agreement with Defendant to use the services of the Defendant.

Plaintiff shall designate its experts by February 24, 2025.

Defendant shall designate its experts 30 days after February 24, 2025, being March 26, 2025.

Depositions of experts shall be done within 30 days of their designation.

(8) A statement on whether any limitations on discovery need to be imposed, and if so, what limitations;

25 Written Interrogatories per side
Request for Production, per the Rules
Request for Admission, per the Rules
Depositions per the Rules
Unless otherwise modified by agreement of the parties or further court order.

(9) A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI;

The parties anticipate working together to address any issues which may arise.

(10) Any proposals on handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;

The parties anticipate working together to address any issues which may arise.

(11) A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded;

A jury has been demanded. Time for trial has yet to be determined, however, the parties anticipate no longer than two to three days. The parties anticipate a trial date in the next 12-14 months based on the availability of the court's calendar.

(12) A proposed mediation deadline;

Thirty days before the trial date.

(13) A statement on when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made;

Disclosures will be made within 14 days of the filing of this discovery control plan.

(14) A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge;

The Parties do not jointly consent to a trial before a Magistrate Judge.

(15) Whether a conference with the Court is desired, and if so, a brief explanation why; and

None is requested at this time, however, the parties are at the convenience of the court.

(16) Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).

Unknown at this time.

| | |
|---|---|
| /s/ Andrew Perrong<br>Andrew Perrong<br>Perrong Law LLC<br>2657 Mount Carmel Avenue<br>Glenside, Pennsylvania 19038<br>Phone: 215-225-5529 (CALL-LAW)<br>Facsimile: 888-329-0305<br>a@perronglaw.com | September __19, 2024 |
| /s/ Jesse Buttey<br>Counsel for Defendant<br>Jesse Buttey<br>Silberman Law Firm, PLLC<br>Texas Bar No. 24025275<br>Email:  jbuttery@silblawfirm.com<br>5050 Quorum Dr. Ste. 700<br>Dallas, TX 75254<br>Tel. (214) 307-2840<br>Fax. (469) 283-1787 | September __19__, 2024 |