IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Kelly Pinn,**<br><br>        **Plaintiff,**<br><br>v.<br><br> **Better Tax Relief, LLC**<br><br>        **Defendant.** | Case No. 4:24-cv-00488-P |

### MOTION OF THE PARTIES TO CONTINUE SCHEDULE

Pursuant to FED. R. CIV. P. 16(b)(4), and in anticipation of an agreement to attend a private mediation in this matter on December 12, 2024, Plaintiff Kelly Pinn and Defendant Better Tax Relief, LLC submit this Joint Motion and Stipulation requesting that the Court vacate the most recent scheduling order entered in this case. (ECF No. 16) and enter a new order with revised proposed dates, as outlined below. The Parties respectfully request that the Court vacate its scheduling order so the parties can adequately prepare for mediation and, if mediation is unsuccessful, continue with fact discovery and adequately prepare for expert discovery and dispositive motions. Regarding fact discovery, the Parties anticipate extensive discovery requests, additional document productions, and multiple depositions. To date, minimal fact discovery has occurred due to prior stays in the litigation as a result of Defendant's efforts to consolidate this case with other pending TCPA actions in a multi-district litigation. With that motion having been denied by the Judicial Panel for Multidistrict Litigation, the parties are now revisiting fact discovery issues and planning for potential settlement discussions.

Moreover, Defendant is preparing supplemental document productions and supplemental responses to Plaintiff's interrogatories and document requests. Plaintiff asserts that, without this information, Plaintiff is unable to ascertain whether there are additional parties to be added or

experts to analyze any production. As such, the parties require more time to finish that review, engage in depositions, and secure experts for class certification and trial. As mentioned, the parties have agreed to mediate this matter with Hon. David Jones (Ret.) on December 12, 2024. As such, the parties are requesting the following extensions on remaining discovery deadlines.

Rule 16(b)(4) provides that a schedule may be modified only for "good cause and with the judge's consent." Whether good cause exists turns on a showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). The Fifth Circuit has articulated the factors to consider in evaluating good cause and diligence under Rule 16(b)(4), including the explanation for the failure to comply with the scheduling order, the importance of the modification, the potential prejudice in allowing the modification, and the ability of a continuance to cure such prejudice. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). Each of the *Meaux Surface Protection* factors are satisfied here.

To begin with, the parties have a good explanation for failing to comply with the scheduling order. Defendant exercised their right to seek to proceed before the JPML, which slightly delayed discovery in this case. The parties also previously engaged in addressing discovery disputes regarding the scope of Plaintiff's document requests and Defendant's productions to date. As such, the Parties have revisited these discussions and are working toward resolving such disputes. Nonetheless, Plaintiff's assert that the requested documents are necessary to mediation, obtaining experts, and determining liability which may necessitate the need for an Amended Complaint. And, the modification is important for much the same reasons. Without additional production from the Defendant, especially class-wide calling records, Plaintiff asserts that she is unable to review such documents and select an expert to analyze them, let alone begin the process

of assembling an expert report. And without documents identifying potentially other liable parties involved in the conduct complained of, the Plaintiff is unable to amend the complaint in the time provided to add such parties because the Plaintiff does not know who such parties are. While Defendant asserts that much of this information is already within Plaintiff's possession, including by virtue of Plaintiff's direct knowledge of the entity or entities that allegedly called her on March 18, 2024 and the documents Defendant has produced to date, Defendant is preparing a supplemental production and interrogatory responses to provide additional information.

Moreover, the proposed extension of the scheduling order would not cause prejudice; rather, it would cure and alleviate the prejudice involved. Here, the parties are currently engaging in a good-faith process to rectify their discovery dispute, as well as plan to attend a mediation presently which the parties are hopeful will secure a resolution of the case. If the mediation is unsuccessful, then the parties will need to continue litigating the case, which is unworkable under the current deadlines. As such, good cause exists to vacate the Court's current scheduling order and enter a new scheduling order. Moreover, because the parties are jointly seeking to vacate the current scheduling order and extend it in light of the aforementioned factors, and before the discovery cutoff, there is no prejudice.

Accordingly, Parties jointly stipulate and request that the Court vacate the current scheduling order and set the following:

| Event | Old Date | New Date |
| --- | --- | --- |
| Motions for Leave to Join Parties or Amend Pleadings (¶ 2) | November 22, 2024 | March 22, 2025 |
| Initial Expert Designation & Report (¶ 4 a.) | November 22, 2024 | March 22, 2025 |
| Responsive Expert Designation & Report (¶ 4 b.) | December 23, 2024 | April 23, 2025 |
| Expert Objections (¶ 4 d.) | June 16, 2025 | October 16, 2025 |
| Dispositive Motions (¶ 3) | March 24, 2025 | July 24, 2025 |
| Mediation (¶ 5) | January 22, 2025 | May 22, 2025 |
| Completion of Discovery (¶ 6) | February 21, 2025 | June 21, 2025 |
| Pretrial Disclosures & Objections (¶ 7) | June 11, 2025 (Objections due 14 days later) | October 11, 2025 (Objections due 14 days later) |
| Pretrial Materials (¶ 8) | June 26, 2025 | October 26, 2025 |
| Exchange of Exhibits (¶ 9) | July 7, 2025 | November 7, 2025 |
| Trial Date (¶ 1) | July 21, 2025 | November 21, 2025 |

RESPECTFULLY SUBMITTED AND DATED this 21st day of November, 2024.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687 (*Pro Hac Vice*)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

4

## **CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: November 21, 2024

                                                */s/ Andrew Roman Perrong*
                                                Andrew Roman Perrong, Esq.